Preamous **HOUSTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45579.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 14, 1973.

James P. Finstrom, Dallas (by Court appointment), for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for burglary. After the jury returned a verdict of guilty, punishment was assessed by the court at eight years.

Appellant urges that the court erred when if failed to accord court-appointed counsel ten days to prepare for trial.

The record reflects that counsel was appointed on October 21, 1971, and that the case was tried on October 26, 1971.

Article 26.04(b), Vernon's Ann.C.C.P., provides:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

The record does not contain a written waiver signed by appointed counsel and the accused waiving the ten days to prepare for trial. There was no motion for continuance and no objection was voiced at the time of trial nor was such contention raised on motion for new trial. This contention was urged for the first time on appeal. Nonetheless, in Steward v. State, Tex.Cr.App., 422 S.W.2d 733, it was said: "There can be no question that a showing on direct appeal of a failure to comply with the mandatory provisions of Article 26.04, supra, would call for reversal." See Crothers v. State, Tex.Cr.App., 480 S.W.2d 642; Farmer v. State, Tex.Cr.App., 419 S. W.2d 382; Bennett v. State, Tex.Cr.App., 382 S.W.2d 930. Cf. Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666 (a different rule applies in collateral attack) and Hill v. State, Tex.Cr.App., 480 S.W.2d 200 (appointment of counsel in revocation of probation proceeding).

Unlike Meeks v. State, Tex.Cr. App., 456 S.W.2d 938; Gray v. State, Tex.Cr.App., 475 S.W.2d 246 and Lee v. State, Tex.Cr.App., 478 S.W.2d 469, the record in this case does not affirmatively show that court-appointed counsel had sufficient time to prepare for trial and the appointment was made merely to allow payment for services.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.