**Samuel Joseph POLLINZI, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 53302.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of possession of heroin. The appellant waived trial by jury and entered a plea of guilty before the court. The punishment is imprisonment for 10 years.

The appellant contends that the trial court erred in trying this case without affording the appellant's counsel ten days to prepare for trial following the appointment of counsel as required by Art. 26.04, V.A.C. C.P. This contention must be sustained and the judgment reversed.

---

The indictment was returned on September 3, 1974; counsel was appointed to represent appellant on September 6, 1974; on September 9, 1974, appellant was convicted.

Art. 26.04(b), V.A.C.C.P., provides:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

The record does not contain a written waiver signed by appointed counsel and the accused waiving the ten days' time provided to prepare for trial. The requirement of Art. 26.04(b), supra, is mandatory. *Crothers v. State*, 480 S.W.2d 642 (Tex.Cr.App. 1972), and cases there cited.

Unlike *Meeks v. State*, 456 S.W.2d 938 (Tex.Cr.App.1970), and other like cases cited in *Crothers v. State*, supra, the record in this case does not affirmatively show that court-appointed counsel had sufficient time to prepare for trial and that the appointment was made merely to allow payment for services.

For the failure of the record to show compliance with Art. 26.04(b), supra, the judgment must be reversed and the cause remanded.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.