**Thomas Lloyd GREEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14-83-128-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 9, 1984.

Review Granted Oct. 24, 1984.

Clyde DeWitt, Rita Ryan, Houston, for appellant.

Charles Houston, Dist. Atty., Bellville, for appellee.

Before PRESSLER, CANNON and ELLIS, JJ.

PAUL PRESSLER, Justice.

Appellant waived a jury trial and entered a guilty plea to the charge of escape. He plead not true to the charge of habitual offender. The court found the enhancement allegations true and assessed punishment at confinement for life.

■ In his first ground of error, appellant argues that the state failed to prove that his second prior offense was committed subsequent to January 28, 1963, the date of his conviction on his first prior offense. Included in the appellant's pen packet, properly certified and admitted into evidence for enhancement purposes, are waivers relating to his second prior offense. The waiver signed by appellant, clearly established that he committed this second offense on November 16, 1965. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant alleges that the trial court erred in proceeding to trial less than ten days after the appointment of his counsel as required by TEX.CODE CRIM.PROC.ANN. art. 26.-04(b) (Vernon 1981). It is true that the trial judge signed the order appointing Mr. Shepherd counsel for appellant on December 17, 1982, the day of trial. However, the December 7, 1982 docket sheet entry states: "D's attorney unable to attend, re-set for Thursday Dec. 9, 1982." The December 9, 1982 docket sheet entry states: "D. appeared in custody—w/counsel Mr. Shepherd...." The record shows appellant had counsel on December 7th. Mr. Shepherd is designated by name as the counsel who appeared with him on December 9th. There is no suggestion in the record that his counsel on December 7th was different from his counsel on December 9th. There is no record of substitution of counsel or any request to delay trial because of a substitution of counsel between December 7th and 9th. The state has clearly sustained its burden in establishing a fact situation where even the casual observer can see easily that the requirement was properly met. The requirement of Article 26.04(b) has been followed

and appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the state did not prove that he was "under arrest" at the time of the escape as required by TEX.PENAL CODE ANN. § 38.07(c)(1) (Vernon 1974). The state offered a stipulation of evidence signed by appellant which stated in part that he did "knowingly and intentionally escape from the custody of T.A. Maddox, a peace officer, *after I had been arrested ...*" (emphasis added). Appellant contends the phrase "after I had been arrested" does not meet the requirement of showing that he was "under arrest." We disagree. While the language of the stipulation does not track the statute, the language is sufficient to satisfy the statutory requirements. *Garcia v. State,* 537 S.W.2d 930, 932–933 (Tex.Crim.App.1976). Appellant's third ground of error is overruled.

The judgment is affirmed.

ELLIS, Justice, dissenting.

In his second ground of error, appellant asserts error in the trial court's proceeding to trial less than ten days after the appointment of counsel. Article 26.04(b), Vernon's Ann.C.C.P. provides:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

The trial judge signed an order appointing Mr. Shepherd counsel on December 17, 1982, the day of trial. The docket sheet from the court reflects that on December 7, 1982, "D's attorney unable to attend re-set for Thursday Dec. 9, 1982." On December 9, 1982, the following docket entry appears: "D. appeared in custody—w/counsel Mr. Shepherd...." The record contains no written waiver of the ten (10) days to prepare for trial. There is no proof that the attorney who was unable to appear on December 7, 1982, was in fact trial counsel, Mr. Shepherd. Given the state of the record I cannot say it to be affirmatively shown that court appointed counsel had at least ten days to prepare for trial. *Pollin-*

*zi v. State,* 541 S.W.2d 445 (Tex.Crim.App. 1976). There was no motion for continuance and no objection was voiced at the time of trial nor was such contention raised on motion for a new trial. However, the Court of Criminal Appeals has held that this contention may be raised for the first time on appeal. *Houston v. State,* 490 S.W.2d 851, 852 (Tex.Crim.App.1973); *Steward v. State,* 422 S.W.2d 733 (Tex. Crim.App.1968).

The Court of Criminal Appeals has held that it is the actual preparation time, not the time of formal appointment, that determines whether the defendant has been given the mandatory ten (10) days preparation time for trial as set out in Article 26.04(b). *Hamel v. State,* 582 S.W.2d 424 (Tex.Crim. App.1979); *Henson v. State,* 530 S.W.2d 584 (Tex.Crim.App.1975); *Moore v. State,* 493 S.W.2d 844 (Tex.Crim.App.1973).

In the instant case the record reflects that the trial attorney, Mr. Shepherd appeared for the first time on December 9, 1982 and tried the case on December 17, 1982. Thus the record does not reflect that trial counsel had ten days to prepare for trial.[1] The requirement of Article 26.04(b) is mandatory. *Moreno v. State,* 659 S.W.2d 395 (Tex.Crim.App.1983); *Peters v. State,* 575 S.W.2d 560 (Tex.Crim.App.1979); *Crothers v. State,* 480 S.W.2d 642 (Tex. Crim.App.1972).

Article 26.04(b) has not been complied with. I would sustain appellant's second ground of error and remand the case for a new trial.

---

**1.** When entering an order appointing counsel, trial courts should recite in that order how long the attorney has represented appellant prior to the appointment.