Norman Sidney CLAYBON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–01000–CR.

Court of Appeals of Texas, Dallas.

June 1, 1984.

Discretionary Review Refused Oct. 17, 1984.

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., Leslie McFarlane, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

STEPHENS, Justice.

On appeal from his conviction for theft of property, a third degree felony, Norman Sidney Claybon, appellant, contends that he was denied ten days to prepare for trial with his court-appointed attorney in violation of TEX.CODE CRIM.PROC.ANN. art. 26.04 (Vernon 1966). We agree that he was denied ten days to prepare for trial, and accordingly, we reverse the judgment of the trial court and remand the cause for a new trial.

■ Appellant, an indigent, was appointed counsel by the trial court on July 8, 1983, and the trial commenced on July 18, 1983. Article 26.04 provides that appointed counsel is entitled to ten days to prepare for trial. Its provisions are mandatory, and a failure to comply with them constitutes reversible error. *Steward v. State*, 422 S.W.2d 733 (Tex.Crim.App.1968).

■ TEX.REV.CIV.STAT.ANN. art. 5429b–2 § 2.04 (Vernon Supp. 1984), applies to the Code of Criminal Procedure and supplies the rule for the computation of time in this case. *Barbee v. State*, 432 S.W.2d 78 (Tex.Crim.App.1968) (on rehearing), *cert. denied* 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969). It provides in pertinent part as follows:

> Sec. 2.04(a) In computing a period of days, the first day is excluded and the last day is included.

The Court of Criminal Appeals followed § 2.04 when it adopted rules for post-trial and appellate procedure in criminal cases. TEX.R.CRIM.APP. 7 reads in pertinent part as follows:

> RULE 7. Computation.
>
> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included.... *See* Article 5429b–2, Section 2.04 Revised Civil Statutes.

■ Excluding July 8, appellant's court-appointed counsel had only nine days to prepare for trial before he went to trial on July 18. As held in *Henson v. State*, 530 S.W.2d 584, 585 (Tex.Crim.App.1975), it is the actual preparation time that determines whether a defendant has been given the mandatory preparation time for trial provided by the statute.

Appellant was not afforded the ten days prescribed by article 26.04. The judgment of the trial court is reversed and the cause is remanded for a new trial.