**Jorge A. MONCIVAIZ, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 901-88.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 25, 1989.

Peter C. Gilman, Brownsville, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S MOTION FOR REHEARING AFTER PETITION FOR DISCRETIONARY REVIEW REFUSED

CLINTON, Judge.

This is a conviction for burglary of a habitation in proceedings under Article 42.12, § 3d, V.A.C.C.P.

On direct appeal appellant contended the trial court accepted his guilty plea in violation of Article 1.13, V.A.C.C.P., in that the attorney representing the State failed to reduce to writing and sign its consent and approval of appellant's waiving his right to trial by jury. A divided appellate court agreed and reversed the judgment of conviction. *Moncivaiz v. State*, 752 S.W.2d 722 (Tex.App.—Corpus Christi 1988).

Through its district attorney the State sought discretionary review, asserting that application of Tex.R.App.Pro. Rule 81(b)(2) would render the "error" harmless, but the Court refused its petition. The State Prosecuting Attorney filed a motion for rehearing again urging that we apply the harmless error rule. Thereafter the Court decided in *Shaffer v. State*, 769 S.W.2d 943 (Tex.Cr.App.1989), that situation does not present "error" against an accused, *viz:*

> "We now hold the State's failure to give written consent to defendant's jury waiver, in violation of Art. 1.13, does not constitute error as to a defendant or from which a defendant may complain. Consequently, the harm analysis of Rule 81(b)(2), Tex.R.App.Pro., is not necessary in this case."

*Id.,* at 945. Accordingly, we reverse the judgment of the Court of Appeals and remand the cause to that court for further

proceedings not inconsistent with this opinion.