**Johnny Otis YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 865–88.

Court of Criminal Appeals of Texas, En Banc.

Oct. 3, 1990.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, David K. Chapman, Loretta Stauffer, Robert Bush and Danny Price, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant, Johnny Otis Young, of aggravated robbery. After it found two enhancement paragraphs to be true, the jury assessed a sentence of life imprisonment. The Fort Worth Court of Appeals reversed the conviction finding that the trial court had erred in proceeding

to trial after appellant had been reindicted but before appellant's attorney was afforded the then statutory ten days time in which to prepare. See Act of June 18, 1965, ch. 722, sec. 1, Tex.Sess.Laws Serv. 425 (codified as Article 26.04 (b), V.A.C.C. P.), *amended by* Act of June 19, 1987, ch. 979, sec. 2, Tex.Sess.Laws Serv. 3322 (eliminating the ten day provision). Moreover, the Court of Appeals held that such error was not subject to a harm analysis. *Young v. State,* 752 S.W.2d 235 (Tex.App. —Fort Worth 1988). We granted the State's petition for discretionary review to determine if the harmless error rule, Tex. R.App.P 81(b)(2), is applicable to this type of error.

After granting the State's petition, this Court decided *Sodipo v. State* (Tex.Cr.App. No. 1390–88, delivered September 12, 1990). (rehearing granted). In *Sodipo* we held that "the ten day requirement found in Art. 28.10(a) cannot be subject to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." slip op. at p. 5. Consequently, we affirm the Court of Appeals' holding in the case before us.

BERCHELMANN and STURNS, JJ, not participating.