**Jose MARIN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–179–CR.**

Court of Appeals of Texas,
Austin.

Sept. 22, 1993.

Troy C. Hurley, Odom & Hurley, Belton, for appellant.

Arthur C. (Cappy) Eads, Dist. Atty., James T. Russell, Admin. Asst., Belton, for appellee.

Before POWERS, JONES and ONION, JJ.*

* Before JOHN F. ONION, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by

## ON REMAND

POWERS, Justice.

On the jury's verdict, the trial court convicted Jose Marin, Jr. of conspiracy with intent to commit the felony offense of aggravated delivery of more than 400 grams of cocaine and sentenced him to twenty-five years' imprisonment. *See* Tex.Penal Code Ann. § 15.02 (West 1974); Texas Controlled Substances Act, 68th Leg., R.S., ch. 425, § 6, 1983 Tex.Gen.Laws 2374 (Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 4.03(c) (since repealed and codified at Tex. Health & Safety Code Ann. § 481.112(c) (West Supp.1993)). We will affirm the trial-court judgment.

In his appeal to this Court, Marin brings seven points of error that we have previously overruled in an earlier judgment and opinion. *See Marin v. State,* 801 S.W.2d 944 (Tex. App.—Austin 1990), *vacated,* 851 S.W.2d 275 (Tex.Crim.App.1993). The Court of Criminal Appeals vacated our earlier judgment and remanded the appeal to us to consider, as a basis for decision, matters raised in the concurring opinion regarding Marin's first point of error. We will proceed accordingly.

In his first point of error, Marin contends the trial court erred in not allowing his court-appointed attorney ten days to prepare for trial as provided in Tex.Code Crim.Proc.Ann. art. 1.051(e) (West Supp.1993). Article 1.051(e) declares as follows:

> (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.
>
> \*   \*   \*   \*   \*   \*
>
> (c) .... If an indigent defendant is entitled to and requests appointed counsel, the court shall appoint counsel to represent the defendant as soon as possible.
>
> \*   \*   \*   \*   \*   \*

assignment. *See* Tex.Gov't.Code Ann. § 74.-003(b) (West 1988).

(e) An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court....

The trial court appointed counsel well before trial to represent Marin; there is no dispute that such counsel had more than the requisite ten days in which to prepare for trial. At Marin's request, joined by his appointed counsel, the court named a substitute counsel six days before trial. The substitute counsel announced ready for the trial that resulted in Marin's conviction. Marin's appointed appellate counsel raises on appeal, for the first time, a want of compliance with article 1.051(e). It is undisputed that the record contains no express waiver of the ten-day preparation period; and we will assume, for purposes of discussion only, that the substitute counsel's announcement of "ready" did not amount to an implied waiver of any right conferred upon him by article 1.051(e). We will assume further, for purposes of discussion, that Marin's substitute counsel was appointed by the trial-court on the ground of Marin's indigence.

■ The purpose of article 1.051(e) is evident from the face of the statute; it is to effectuate an indigent defendant's right to a speedy trial and his right to effective assistance of counsel within a general context where the trial judge ordinarily has the widest discretion and latitude—the scheduling of trials. See *Burgess v. State*, 816 S.W.2d 424, 428 (Tex.Crim.App.1991) ("A request for a change in counsel cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."); *In re House Bill No. 537*, 113 Tex. 367, 256 S.W. 573, 574 (1923) (district judges' powers cannot be exercised effectively unless they have discretion in scheduling trials free of interference by legislature).

■ The effect of article 1.051(e) is to withdraw all discretion from the trial judge to the extent of the ten days specified. Within that period, the ten-day requirement is mandatory unless waived by appointed counsel with the defendant's consent. We must now inquire whether the legislature also intended to deny the trial judge discre-

tion for an additional ten-day period when the defendant requests and the court appoints a substitute counsel. We believe that implication cannot be imputed to the statute.

Article 1.051(e) does not provide expressly for the situation where a trial court appoints substitute counsel to succeed an original appointed counsel who has received the requisite ten days preparation time. Marin's contention that his substitute counsel came within article 1.051(e) is plausible only because the statute declares that an "appointed counsel" shall have ten days to prepare for a proceeding. And because there is no qualification stated in the statute, this means *literally* that each and all *appointed counsel* come within the mandatory terms of the statute. This theory extends indefinitely the mandatory preparation time required by the statute; nothing in the theory logically limits the mandatory time to the second or the hundredth "appointed counsel," for example.

More importantly, however, we believe the Court of Criminal Appeals has rejected the literalness theory upon which Marin must rely. In *Henry v. State*, 433 S.W.2d 430 (Tex.Crim.App.1968), the trial court appointed two attorneys seven months before trial to represent the defendant and appointed a third attorney only two days before trial. The attorneys announced "ready" for trial, made no motion for continuance, and did not waive with Henry's consent the ten days preparation time given appointed counsel by the terms of the statutory predecessor of article 1.051(e). On appeal, Henry raised for the first time the mandatory terms of the predecessor statute and sought to have it enforced, without reference to harm or prejudice, in connection with the third appointed attorney. Declining to reverse the judgment on this ground, the Court of Criminal Appeals declared "[t]he trial judge was under no obligation to appoint more than one counsel" and the legislature did not intend that such a situation should come within the mandatory terms of the statute. *Henry*, 433 S.W.2d at 433; *see also Roney v. State*, 632 S.W.2d 598, 601 (Tex.Crim.App.1982).

*Henry* differs from Marin's case in this: Two of Henry's trial counsel were appointed

more than ten days before trial, while Marin's only trial attorney was his substitute counsel appointed less than ten days before trial. We believe this fact is irrelevant to the meaning to be assigned article 1.051(e), however important it might be in connection with Marin's statutory right to apply for a continuance and his constitutional right to counsel prepared to render reasonably effective assistance. *See* Tex.Code Crim.Proc.Ann. art. 29.03 (West 1989); *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). Without question, a substitute appointed counsel would be entitled to raise a want of actual preparation time in connection with a motion for continuance, if that counsel is inadequately prepared. What is important is that the Court of Criminal Appeals implicitly rejected the theory of literalness upon which Marin must rely and the Court refused to extend to subsequently appointed counsel the benefit of the judge-made rule of presumed harm.

For the reasons given, we overrule Marin's first point of error.

We also overrule Marin's points of error two through seven. We have stated our reasons in our earlier opinion. *See Marin,* 801 S.W.2d at 948–49. No good purpose would be served by repeating those reasons here.

We therefore affirm the trial-court judgment.

ONION, Justice (Retired), dissenting.

I respectfully dissent again. On original submission appellant's judgment of conviction was affirmed. *See Marin v. State,* 801 S.W.2d 944 (Tex.App.—Austin 1990). I dissented with an opinion to the overruling of appellant's first point of error that the "trial court erred in not allowing court-appointed attorney ten days to prepare for trial, there being no written or oral waiver of the right accorded by statute." *See* Tex.Code Crim. Proc.Ann. art. 1.051(e) (West Supp.1993). The Court of Criminal Appeals granted appellant's petition for discretionary review to determine (1) whether the failure of the trial judge to allow appointed counsel ten days for trial preparation in violation of article 1.051(e) may be raised for the first time on

appeal, and (2) whether, if so, such error is subject to a harm analysis under rule 81(b)(2) of the Texas Rules of Appellate Procedure. The court answered the first question "yes" and the second question "no" when it vacated our judgment and remanded the cause to this Court. *Marin v. State,* 851 S.W.2d 275, 280, 281 (Tex.Crim.App.1993). The Court of Criminal Appeals held that rules 52(a) (preservation of appellate complaints) and 81(b)(2) (harmless error rule) of the Texas Rules of Appellate Procedure were not to be applied to a violation of article 1.051(e). In its opinion remanding this cause for proceedings consistent with that opinion, the Court of Criminal Appeals noted the split among our three-judge panel on original submission and remanded "because the concurring opinion suggested a basis for discussion different than that presented on discretionary review."

The concurring opinion stated the judgment of conviction should be affirmed because (1) the appellate record did not show that appellant's trial counsel was "appointed counsel" within the meaning of article 1.051(e), and (2) if she was, the record was undisputed that she replaced a previous "appointed counsel who was given more than ten days preparation time." *See Marin,* 801 S.W.2d at 949–52.

The indictment, returned January 27, 1988, charged appellant and twenty-one other named defendants and four named but unindicted co-conspirators with conspiracy with the intent to commit the offense of aggravated delivery of over 400 grams of cocaine. Twenty-two overt acts were alleged, ranging in time from October 6, 1986 until January 17, 1988. Appellant's retained counsel, James Thompson and Ted Potter, were allowed to withdraw from the case on February 16, 1988. On this same date appellant filed an affidavit of indigency, and the trial court appointed John Gauntt to represent appellant. On May 10, 1988, attorney Gauntt filed a "Motion To Substitute Attorney For Defendant," requesting that Fancy Jezek, an attorney, be substituted "in his place and stead to serve as the attorney for Defendant." The motion was jointly signed by Gauntt and Jezek. On the same date, the trial court granted the motion. The docket sheet reflects that Jezek was "apt." (appoint-

ed), and there has been no showing of any change at that time or since in appellant's status as an indigent.[1] Since the remand, the trial court has ordered the district clerk to file a supplemental transcript showing Jezek's post-trial request for payment as "court-appointed attorney" for appellant and the trial court's order approving the same and setting the fee. There appears no question that Jezek was appointed counsel for appellant at the trial on the merits. Excluding May 10, 1988, Jezek had five days to prepare for the conspiracy trial commencing May 16, 1988, where appellant was jointly tried with five co-defendants. She alone represented appellant at trial. The record is devoid of any waiver of the ten-day preparation period as required by article 1.051(e). It is true that Jezek announced "ready" for trial, did not move for a continuance or object to being substituted as appointed counsel less than ten days prior to trial. She did not file a motion for new trial. The immediate forerunner of article 1.051(e) [2] was also a mandatory statute. *Pollinzi v. State*, 541 S.W.2d 445, 446 (Tex.Crim.App.1976). Under that statute, it was wholly immaterial whether any complaint regarding the sufficiency of the preparation period was raised at trial. *Henson v. State*, 530 S.W.2d 584, 585 (Tex. Crim.App.1975). A defendant was not required to file a motion for continuance or request the ten-day preparation period or file a motion for new trial in order to raise the issue on appeal. *Houston v. State*, 490 S.W.2d 851, 852 (Tex.Crim.App.1973). The Court of Criminal Appeals has now made clear that a defendant:

> need make no request at trial for the implementation of such rights [accorded him by article 1.051(e)], as the judge has an independent duty to implement them absent an effective waiver by him. As a consequence, failure of a judge to implement them at trial is an error which might be urged on appeal whether or not it was first urged in the trial court.

*Marin*, 851 S.W.2d at 280.

Thus, where, as here, the appellant is represented alone by appointed counsel who had

not had ten full days to prepare and there is no waiver as required by article 1.051(e), there is error not subject to a harm analysis. *Id.*

The majority on remand recognizes that the ten-day preparation period requirement of article 1.051(e) is mandatory unless waived by appointed counsel with the defendant's consent in the manner required by the statute. The majority interprets article 1.051(e), however, "as applying only to the counsel originally appointed to represent an indigent defendant, and to no other appointed counsel." Thus, apparently because Gauntt, the counsel originally appointed, had more than ten days to prepare, article 1.051(e) does not apply even though Gauntt withdrew within five or six days of trial and did not participate therein, leaving Jezek alone to represent the indigent appellant. Under this interpretation, if the counsel originally appointed has had more than ten days to prepare for trial, but at the time of trial is on vacation in Alaska or is in the local cemetery pushing up daisies, an indigent defendant has no further rights under article 1.051(e), and any newly appointed counsel will not be accorded the statutory preparation period.

The majority relies upon *Henry v. State*, 433 S.W.2d 430 (Tex.Crim.App.1968). In *Henry*, the trial court appointed three attorneys to represent the indigent defendant at his first trial, which resulted in a hung jury. Two days prior to the second trial, the trial court appointed attorney Tipton to represent the defendant and to assist attorney Chanon, who had been appointed seven months earlier and who had actively participated in the first trial. On appeal, the lack of a waiver of the ten-days preparation period by Tipton and the defendant was raised. The *Henry* court observed that, where counsel (actively participating in the trial) has been appointed more than ten days prior to trial, the statute (former article 26.04(b)) had *no application*. *Henry*, 433 S.W.2d at 432; *see also Steward*

---

1. Appellant at all times on appeal has been represented by appointed counsel.

2. Act of June 18, 1965, 59th Leg., R.S. ch. 722, § 1, 1965 Tex.Gen.Laws 317, 425 (Tex.Code Crim.Proc.Ann. art. 26.04(b), since repealed).

*v. State,* 422 S.W.2d 733, 737 (Tex.Crim.App. 1968). Observing that attorney Chanon's appointment had been made over seven months prior to the second trial, the court stated:

> The trial judge was under no obligation to appoint more than one counsel, and the fact that he afforded the appellant the assistance of additional counsel under the circumstances here described should not call for reversal merely because such written waiver was not signed by the appellant and his additional counsel before trial. Such was not the legislative intent of Article 26.04, *supra.*

In *Roney v. State,* 632 S.W.2d 598, 601 (Tex.Crim.App.1982), also cited by the majority, the defendant was represented by three attorneys, two of whom had been appointed long in excess of the ten-day statutory period for trial preparation. The appointment of the third and additional attorney within less than ten days of trial was held not to violate former article 26.04. *Henry* was cited in support of the holding.

*Henry* and *Roney* are clearly distinguishable from the instant case where Jezek was not additional counsel, but acted alone in representing appellant at trial. Gauntt, counsel originally appointed, did not participate in the trial. The majority holds, in effect, that article 1.051(e) does not apply to appellant's case with regard to the second appointed counsel, who acted alone as trial counsel, noting that she could have filed a motion for continuance if she was inadequately prepared. A motion for continuance is a procedural device, the granting of which lies within the discretion of the trial court. Such motion is determined under different rules and often in different contexts than article 1.051(e). Motions for continuance on behalf of a criminal defendant existed long before the Legislature determined the necessity to enact article 1.051(e) or its forerunners. The purpose of article 1.051(e) and its predecessor statutes was to guarantee an indigent defendant that he and his appointed counsel would have a reasonable time to prepare a defense. *Hamel v. State,* 582 S.W.2d 424, 428 (Tex.Crim.App.1979); *Moore v. State,* 493 S.W.2d 844, 845 (Tex.Crim.App. 1973). It was designed to prevent infringement of the indigent accused's right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution.

I cannot agree with the reasoning of the majority. Therefore, I respectfully dissent to the affirmance of the conviction.