Herrick & McEntire, Fort Worth, of counsel, Rex McEntire and Jerry Murad, Fort Worth, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

■ The offense is the sale of intoxicating liquor in a dry area; the punishment, 30 days in jail and a fine of $200.00.

Our able State's Attorney does not seek an affirmance of this conviction because of the insufficiency of the evidence to support the allegation that the place where the sale was made was in a dry area. We agree that his analysis of the record is correct.

■ In order to support the allegation as to the dry status of the area, the State relied alone upon an order canvassing the returns and declaring the results of the prohibition election. This alone is not sufficient. In Hardy v. State, 162 Tex.Cr.R. 166, 283 S.W.2d 234, we reversed a conviction for a local option liquor law violation because of the failure of the State to prove that the order of the Commissioners Court declaring the results of the prohibition elec-

tion was ever published as required by law. In Hardy we quoted from ·Bell v. State, 156 Tex.Cr.R. 440, 243 S.W.2d 585, as follows:

> "The reason for this rule lies in the fact that the local option election does not in itself standing alone make illegal that which had been legal. Notice to the public of the result of such election is a prerequisite." See also Moore v. State, 156 Tex.Cr.R. 512, 244 S.W.2d 240.

In Shawhart v. State, 163 Tex.Cr.R. 199, 289 S.W.2d 602, we enumerated the proof which is requisite in cases of this nature.

It is further noted that the record nowhere reveals that this offense was committed in Wise County.

In view of our disposition of the case, it will not be necessary to consider or discuss the other questions raised.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

Joseph Robert SMITH, Appellant,

v.

STATE of Texas, Appellee.

No. 32166.

Court of Criminal Appeals of Texas.

June 8, 1960.

Patricia Ann NOBLE, Appellant,

v.

STATE of Texas, Appellee.

No. 32042.

Court of Criminal Appeals of Texas.

June 1, 1960.

Charles W. Tessmer, Robert C. Benavides, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is sodomy; the punishment, 15 years.

After trial, sentence and notice of appeal in the District Court, appellant was adjudged to be insane, and was committed to a state hospital.

Appellant's counsel has exercised his option not to prosecute his appeal from this conviction under the terms of Article 932b, section 5, Vernon's Ann.C.C.P., but instead has moved to retire this case from the docket until appellant becomes sane.

The motion to suspend further proceedings in this Court is granted, and the Clerk of this Court is directed to retire this case from the docket until it shall be properly shown to this Court that appellant has been restored to sanity. Garcia v. State, Tex. Cr.App., 283 S.W.2d 60, and cases there cited.

No attorney for appellant of record on appeal.

Henry Wade, Criminal Dist. Atty., William F. Alexander, Phil Burleson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a plea of guilty before the court without a jury, appellant was convicted of the possession of dolophine, a narcotic drug, and her punishment was assessed at three years.

It was stipulated by the appellant and her counsel and the state that if officers B. L. Beaty and Tony Ingargiola of the narcotics bureau of the Dallas Police Department were present they would testify that they apprehended the appellant; and that on the way to the police station in an automobile, Officer Ingargiola saw the ap-