## JOSEPH ROBERT SMITH V. STATE

No. 32,166. February 1, 1961

*Charles William Tessmer,* and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Thomas B. Thorpe, William F. Tucker. Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

Appellant was convicted of the offense of sodomy and his punishment assessed at confinement in the penitentiary for 15 years.

After trial, sentence, and notice of appeal to this court, appellant was adjudged insane and committed to a state hospital. Upon motion of appellant's counsel, all further proceedings in this court were suspended and the cause was ordered retired from the docket until it should be properly shown that appellant had been restored to sanity. Smith v. State, 336 S.W. 2d 169.

It is now shown by judgment duly entered in the Criminal District Court of Dallas County that appellant has been restored to sanity and, upon motion of the state, the cause is ordered reinstated upon the docket for further proceedings.

The prosecuting witness, a young boy 15 years of age at the

time of trial, testified that he was a "Little Brother" in the Big Brothers Association of the community where he lived in Dallas County; that he first met the appellant "around Christmas 1957" at an association banquet; that some two weeks later appellant started coming to his home and they would go to the drug store to get a drink; that in the month of February he and his brother, Bill, went with appellant on a trip to East Texas where they spent the night at a motel in Lufkin; that the three all slept in one double bed and during the night appellant fondled the witness' "Big Brother" and started taking him to appellant's farm at Seagoville; and that, beginning in March 1958, they started spending week ends together at the farm. The witness stated that after they started going to the farm and spending the night, appellant, after they would go to bed, began fondling his private parts which culminated in appellant committing an act of oral sodomy upon him in the month of March 1958.

Appellant's written confession was introduced in evidence by the state in which he stated that he first met the prosecuting witness in December 1957 and that, in February or March 1958, he began having him come to his farm in Seagoville for week end visits. Appellant admitted in the confession that upon the occasion of several of the visits he fondled the private parts of the prosecuting witness and on one occasion committed an act of sodomy upon him.

Appellant did not testify but called his brother as a witness who testified that appellant had been under the treatment of a psychiatrist.

Appellant insists that the court erred in permitting the state to introduce, as original evidence, proof that he had committed the extraneous offense of fondling upon the prosecuting witness in Lufkin prior to March 1958, when the alleged act of sodomy occurred.

In Johns v. State, 155 Tex. Cr. R. 503, 236 S.W. 2d 820, this court held that, in cases involving incest and rape under the age of consent, acts other than the one charged in the indictment were admissible as evidencing the probability of the charged act and the unnaturalness of the accused's attitude toward the victim of his lust. The Johns case was followed in Gephart v. State, 157 Tex. Cr. R. 414, 249 S.W. 2d 612; Head v. State, 160 Tex. Cr. R. 42, 267 S.W. 2d 419; Earwood v. State, 161 Tex. Cr. R. 171, 275 S.W. 2d 652; and other cases.

In Lozano v. State, 159 Tex. Cr. R. 613, 266 S.W. 2d 147, we applied the rule announced in the Johns case to a case of fondling.

No reason exists why the rule should not apply to a sodomy case such as the one before us where the victim of the lust is a young boy, 13 years of age, when the acts are committed.

The case of Young v. State, 159 Tex. Cr. R. 164, 261 S.W. 2d 836, relied upon by appellant is not here controlling because in that case the prior acts of sodomy were upon two boys who were not present when the offense of indecent exposure to another boy for which the accused was being tried was committed.

The contention is overruled.

Appellant next insists that the court's charge was fundamentally erroneous because the abstract definition of the offense given by the court informed the jury that certain acts, not charged in the indictment, would constitute the offense. No objections were made by appellant to the charge nor were any requested charges presented to the court. The indictment charged that appellant committed oral sodomy upon the prosecuting witness. While the court defined the offense under that portion of Art. 524, V.A.C.C.P., which provides that "Whoever has carnal copulation * * * in an opening of the body, except sexual parts, with another human being, * * * shall be guilty of sodomy * * *," the court did make a direct and pertinent application of the law to the case as alleged in the indictment and made by the facts. Under the court's instruction, the jury was requested, before convicting the appellant, to find from the evidence beyond a reasonable doubt that he did have carnal copulation with the prosecuting witness by using his mouth on his sexual parts. Such instruction required a finding by the jury of the constituent elements of the offense of oral sodomy as charged in the indictment and the charge does not present fundamental error. Davis v. State, 10 Tex. App. 31; Lights v. State, 21 Tex. App. 308, 17 S.W. 428; and Martinez v. State, 157 Tex. Cr. R. 603, 252 S.W. 2d 186.

We overrule appellant's remaining contention that the evidence is insufficient to show that the offense was committed within the period of limitation. The limitation period for the offense of sodomy is three years. Art. 180, V.A.C.C.P. The indictment was presented against the appellant on April 20, 1959. The testimony of the injured party that he first met the appellant "around

Christmas 1957"; that he and appellant made the trip to East Texas in February 1958; and that after the trip they started going to appellant's farm when in "March of 1958" he committed the act of sodomy, clearly shows that the offense was committed within the period of limitation. The appellant's written confession also shows that the offense was committed within such period.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.