Johnnie HOLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 40083.

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

Maurice U. Westerfeld, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Phyllis Bell and Alvin A. Horne, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for felonies less than capital, life.

Trial was before a jury on a plea of not guilty. The jury having found appellant guilty, evidence was heard by the court including proof of the allegations of the indictment as to the prior convictions, and punishment was assessed at life.

Four grounds of error are presented.

The first relates to the sufficiency of the evidence to sustain the jury's verdict.

The indictment alleged the theft of an automobile from John Wigzell on or about October 7, 1965. The state's evidence reflects the following:

Mr. Wigzell parked his car at a downtown location at 1:15 P.M. Twenty-five minutes later he returned to the place where he had left the car and it was gone. He immediately notified a police officer who was in the next block. The officer called by radio to report the car stolen and received reply that the automobile described had been involved in an automobile accident several blocks away. Mr. Wigzell proceeded to the scene of the accident by taxi where he found his automobile and saw appellant.

Appellant was identified as the driver and only occupant of the automobile involved in the accident by the driver of the other car involved in said accident; by a bystander and by a police officer who reached the scene before appellant had time to get out of the car.

Appellant left the scene without communicating with anyone. He was arrested a block away from the scene by the officer who saw him abandon the car. He made no explanation of his possession of the automobile.

Mr. Wigzell testified that he had never seen appellant prior to the time his automobile, of the value of more than $50, was taken and had not given him permission to take it.

 The unexplained possession of recently stolen property is sufficient to authorize a jury to convict for theft of such property. Bryant v. State, Tex.Cr.App., 397 S.W.2d 445; Wall v. State, 167 Tex. Cr.R. 634, 322 S.W.2d 641; 5 Branch's Ann. P.C.2d, Sec. 2650; 55 Tex.Jur.2d 480, Sec. 214.

The second ground of error relates to the court's charge wherein the jury was instructed as to the punishment for felony theft. The contention is that the court's charge led the jury to believe that appellant would be assessed a term of not less than 2 years nor more than 10 years.

■ In the absence of any objection or exception to the court's charge, the claim of error is not before us.

■ We observe, however, that the case was tried under the 1965 Code of Criminal Procedure and that pursuant to the provisions of Art. 37.07, Section 2(a), Vernon's Ann.C.C.P., the charge included "instructions showing the jury the punishment provided by law for each offense submitted," and the portion of the indictment reciting prior convictions was not read until the hearing on punishment was held, as provided in Art. 36.01 C.C.P. It follows that the court's instruction to the jury as to the punishment for felony theft was not error.

■ The third ground of error presents the contention, wholly unsupported by the record, that the jury was permitted to separate and commingle with the state's witnesses and arresting officers after the charge of the court was read.

The fourth and last ground of error is predicated upon the premise that the prior convictions used for enhancement of the punishment were void for want of a sentence.

The exhibits offered by the state in support of the allegations as to the prior convictions include certified copy of the sentence as well as the judgment in each of such prior convictions.

The judgment is affirmed.