Curlee MURRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 40140.

Court of Criminal Appeals of Texas.

March 8, 1967.

Rehearing Denied April 12, 1967.

———◆———

Richard H. Caldwell, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Joseph P. Witherspoon, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

After waiver of a jury, the appellant entered a plea of not guilty before the court to the charge of robbery by assault. On March 24, 1966, the appellant was found guilty and his punishment was assessed at fifteen years.

The testimony of the state reveals the robbery of the operator of a service station about 3 a. m. The defense was alibi.

The appellant insists that this cause should be reversed on the ground that the evidence is insufficient to identify him as the person who committed the robbery alleged.

Jim Holladay, the alleged assaulted party, testified in part as follows:

"A  I had a colored man come into the service station and said that he had run out of gas down the street from me. He had a two-gallon can in his hand and he asked me if he could have a couple of gallons of gas, and I said 'Yes.' I gave him the gas, and he handed me a ten-dollar bill and I started to make change for it. When I started to hand him the change, he said, 'Give me the rest,' and pointed a gun at me.

\*      \*      \*      \*      \*      \*

"Q  Do you see the person who robbed you in this courtroom today?

"A  Yes, sir.

"Q  Would you point him out, please?

"A  Sitting there beside his attorney.

"The State: Let the record reflect that the witness has pointed out the defendant, Curlee Murry.

"Q  Now, let me ask you this: Are you positive of that identification?

"A  Yes, sir.

\*      \*      \*      \*      \*      \*

"Q  How far away was he?

"A  Maybe four *foot*.

"Q Did you have lights in that little—I believe you call it the 'doghouse'?

"A Yes, sir, lights all around and inside, both.

"Q Did you have a good chance to take a good look at his face?

"A Yes, sir."

On cross-examination, the witness Holladay testified:

"Q And the 20th of September of '65 you only saw him as best you recall for about three or four minutes?

"A Approximately.

"Q And some portion of that time you, of course, were not observing him, but were making other motions, were you not? Getting money, turning around, making change?

"A When the man come in, I knew what he was going to do, because I had been warned by the police what to look for. I felt when I *seen* the man coming that that's what it was, so I did look at him closely to try to be able to identify him when I did see him again, because I knew it would eventually come up.

"Q You had been robbed many times before?

"A No sir, I said the police had come by and warned us, because at that time there was a lot of robberies going on in that area which they called 'gas-can robbers'."

The evidence is sufficient to warrant the finding of the court that the appellant was the person who committed the robbery alleged.

The judgment is affirmed.