William SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 40257.

Court of Criminal Appeals of Texas.

April 19, 1967.

Rehearing Denied June 7, 1967.

John E. Cahoon, Sr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Joseph P. Witherspoon, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for sodomy; the punishment, two years.

Trial was after January 1, 1966, under the 1965 Code of Criminal Procedure.

Two grounds of error are urged by appellant in his brief filed with the clerk of the trial court. He first complains that the court erred in admitting evidence of an act of sodomy between him and the prosecuting witness subsequent to the one alleged in the indictment, over the objection that it constituted proof of an extraneous offense.

The indictment charged that appellant committed the offense of sodomy on or about the 5th day of June, 1965.

At the trial, the prosecuting witness, a boy fourteen years of age on the date of the alleged offense, testified that on the 5th day of June, 1965, he accompanied appellant to his apartment, where appellant committed an act of oral sodomy upon him. Over objection, the witness was permitted to further testify that on the following day, June 6, 1965, appellant committed another act of sodomy upon him.

In Johns v. State, 155 Tex.Cr.R. 503, 236 S.W.2d 820, this court held that, in cases involving incest and rape under the age of consent, acts other than the one charged in the indictment were admissible as evidencing the probability of the charged act and the unnaturalness of the accused's attitude toward the victim of his lust. The Johns case was followed in Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, Head v. State, 160 Tex.Cr.R. 42, 267 S.W.2d 419, Earwood v. State, 161 Tex.Cr.R. 171, 275 S.W.2d 652, and other cases.

In Smith v. State, 170 Tex.Cr.R. 518, 342 S.W.2d 445, this court, in extending the rule to a case of sodomy, said:

"No reason exists why the rule should not apply to a sodomy case such as the one before us where the victim of the lust is a young boy, 13 years of age, when the acts are committed."

In Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836, and Rodriguez v. State, 170 Tex.Cr.R. 275, 340 S.W.2d 41, cited by appellant, the extraneous acts and offenses were committed upon persons other than the one named in the indictment and who were not present when the offense was committed for which the accused was on trial.

The ground of error is overruled.

In his second ground of error appellant complains of the court's refusal to give a requested charge to the jury.

The requested charge is not shown to have been presented to the court in writing but was dictated to the court reporter by appellant's counsel at the close of evidence on the issue of guilt.

Art. 36.15 of the 1965 Code, formerly Art. 659 of the 1925 Code, provides, in part:

"Before the court reads his charge to the jury, counsel on both sides shall have a reasonable time to present written instructions and ask that they be given to the jury. The court shall give or refuse these charges."

It was the consistent holding of this court that, under similar provisions of Art. 659 of the 1925 Code, requested charges should be presented to the court in writing. The same was true as to objections to the court's charge under Art. 658 of the code. Outley

v. State, 162 Tex.Cr.R. 314, 284 S.W.2d 356; Nesbit v. State, 165 Tex.Cr.R. 336, 306 S.W.2d 901; Cedillo v. State, 165 Tex.Cr. R. 371, 307 S.W.2d 267; Waite v. State, 169 Tex.Cr.R. 484, 334 S.W.2d 816; Rodriguez v. State, Tex.Cr.App., 374 S.W.2d 234; Daltwas v. State, Tex.Cr.App., 375 S.W.2d 732.

The provisions of Art. 36.15, supra, did not change this requirement.

Art. 36.14 of the present code also provides that the defendant shall present his objections to the charge in writing.

We do not construe the provisions of Art. 40.09-4 of the 1965 Code giving effect to a transcription of the court reporter's notes which are certified and included in the record on appeal as dispensing with the requirements of Art. 36.14, and 36.15, supra, that objections to the charge and requested charges be made in writing before the charge is read to the jury.

Appellant's complaint to the court's refusal to give his requested charge is not before us for review.

The judgment is affirmed.