**Johnny Batmos HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41574.**

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

William D. Tipton, Bernard L. Chanon, Houston, for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Ruben W. Hope, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 7 years confinement in the Texas Department of Corrections.

In his first four grounds of error appellant challenges the sufficiency of the evidence to sustain the conviction.

Lynn Chester Franklin, a bus driver, testified he was robbed of $99.50 and a money changer on the afternoon of February 2, 1967, by the appellant who had entered his bus at the end of the line, 5400 Chew Street, Harris County, Texas; that he did not consent to the taking of the money and that at the time he was in fear of his life;

that at the time the appellant left the bus he saw the muzzle of a pistol in appellant's possession and that the appellant threatened to kill him if he stopped his bus at a nearby service station; that he recognized appellant as a former school mate and picked him out of a lineup some three weeks after the alleged offense.

Testifying in his own behalf, appellant denied knowing the complaining witness, denied the robbery and related that he was home alone at the time of such offense.

Evidence was introduced as to the appellant's weight, height, length of hair, etc., at the time of arrest and trial to demonstrate that it varied in some respects from the physical description first given to the police by the complaining witness. Much was made of the fact that Franklin first told the investigating officers he had attended Kashmere Gardens School with appellant and that subsequently he determined that it was the E. O. Smith School both had attended.

■ We have examined the entire record and find the evidence sufficient to support the jury's verdict. The testimony of the injured party was sufficient to conclude that appellant was the guilty party. Ramirez v. State, 169 Tex.Cr.R. 494, 335 S.W.2d 228; Gibson v. State, Tex.Cr.App., 411 S.W.2d 735; Murry v. State, Tex.Cr. App., 413 S.W.2d 117.

Appellant's first four grounds of error are overruled.

In his fifth ground of error appellant contends that the trial court erred in proceeding to trial in absence of a written waiver of the ten day preparation period required by the mandatory provisions of Article 26.04(b), Vernon's Ann.C.C.P., when the trial is had within ten days of counsel's appointment.

It appears that on April 26, 1967, the trial judge appointed Bernard Chanon, Esq. and Joe R. Ayres, Esq., as well as Jack Bodiford, Esq., a staff attorney of the Houston Legal Foundation, to represent this indigent appellant. Sometime thereafter George M. Bishop, Esq. was appointed by the court to replace Mr. Ayres. On the first trial of this cause, commencing on September 6, 1967, the jury was unable to reach a verdict and a mistrial was declared.

On November 14, 1967, Mr. Bishop was called to active military duty and William D. Tipton, Esq. was appointed by the trial judge on November 27, 1967, to assist Mr. Chanon in appellant's defense. The second trial resulting in the conviction now on appeal commenced on November 29, 1967, two days after Tipton's appointment. It is acknowledged that both sides announced ready for trial, that no motion for continuance was made and that the matter was not then called to the trial court's attention.

■ The State is in error in contending that a written waiver of the ten days to prepare for trial signed by the appellant and his court appointed counsel is not necessary unless harm is shown. That rule prevails in a collateral attack on an otherwise valid conviction. Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666; Steward v. State, Tex.Cr.App., 422 S.W.2d 733. Where the error is assigned on direct appeal and there is a showing that there has been a failure to comply with the mandatory provisions of Article 26.04, supra, reversal is ordinarily called for without any question of harm or prejudice. Steward v. State, supra; Farmer v. State, Tex.Cr. App., 419 S.W.2d 382; Bennett v. State, Tex.Cr.App., 382 S.W.2d 930; Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775.

■ We decline, however, to reverse on this ground. It is clear that if counsel's appointment has been more than ten days prior to trial, Article 26.04, supra, has no application. Steward v. State, supra; Lamar v. State, Tex.Cr.App., 415 S.W.2d 926. One of appellant's trial counsel, Mr. Chanon, had been appointed over seven months

prior to this second trial and had actively participated in the first trial. The trial judge was under no obligation to appoint more than one counsel, and the fact that he afforded the appellant the assistance of additional counsel under the circumstances here described should not call for reversal merely because such written waiver was not signed by the appellant and his additional counsel before trial. Such was not the legislative intent of Article 26.04, supra. The fifth ground of error is overruled.

■ Without argument or authorities, appellant in his sixth ground of error merely complains of the admission into evidence of State's Exhibit No. 7. An examination of the record reveals that such exhibit is a fingerprint impression or identification card of appellant prepared when appellant was brought to the Harris County jail. The proper predicate for its introduction was laid and appellant's objections offered at the time are without merit. The sixth ground of error is overruled.

■ The trial court did not err in refusing to strike the testimony of officer H. C. Mackey at the separate hearing on punishment to the effect that the appellant's general reputation in the community for being a law abiding citizen was bad. The motion to strike was based on the ground that the officer's testimony was hearsay. Clearly no error is presented. Testimony as to reputation is customarily based on what the witness has heard others say. 61 Tex.Jur. 2d, Witnesses, Sec. 52, p. 593; 23 Tex. Jur.2d., Evidence, Sec. 171, p. 260. The seventh ground of error is overruled.

■ Without more appellant simply states in his eighth ground of error the court erred in charging the jury as to the applicability of the facts. We find no special requested charge or objection to the court's charge as required by Articles 36.14 and 36.15, V.A.C.C.P., in the record. Nothing is presented for review. Hollins v. State, Tex.Cr.App., 411 S.W.2d 366;

Smith v. State, Tex.Cr.App., 415 S.W.2d 206; Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931.

■ In his ninth ground of error appellant contends the jury argument of State's counsel was prejudicial, objectionable and inflammatory in regard to appellant's gain of weight while confined in jail. No bill of exception or transcription of the court reporter's notes of such argument is before this court and nothing is presented for review.

The judgment is affirmed.