# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00699-CR

**Bobby Dean Lacy, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY
### NO. 99-01125, HONORABLE DAVID B. READ, JUDGE PRESIDING

A jury found appellant Bobby Dean Lacy guilty of driving while intoxicated, second offense, and the court assessed punishment at incarceration for forty days and a $1200 fine. *See* Tex. Pen. Code Ann. §§ 49.04(a), .09(a) (West Supp. 2001). Appellant brings forward four points of error complaining of a denial of speedy trial, inadequate trial preparation time, improper prosecutorial argument, and ineffective assistance of counsel. We will overrule these contentions and affirm.

A criminal defendant's right to a speedy trial is guaranteed by both the United States and Texas constitutions. *Barker v. Wingo*, 407 U.S. 514 (1972); *Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim. App. 1986); U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10. Appellate review of a trial court's decision to grant or deny a speedy trial claim is conducted de novo. *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). In conducting this review, we balance four factors: (1) length of the delay, (2) reason for the delay, (3) assertion of

the right, and (4) prejudice to the accused. *Barker*, 407 U.S. at 530; *Johnson*, 954 S.W.2d at 771.

The offense occurred on January 20, 1999, and the information was filed on May 6, 1999. Appellant filed a motion dismiss for want of a speedy trial on August 31, 2000. A hearing on the motion was set for September 6 but appellant failed to appear. Appellant's trial began on September 12, 2000, with jury selection. The next day, before testimony began, appellant reurged the speedy trial motion. The court summarily overruled it.

Balancing the *Barker* factors, we conclude that the length of delay was sufficient to trigger speedy trial analysis. Because the State offered no explanation for the delay, we will presume that no valid reason existed. *Turner v. State*, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976). On the other hand, appellant does not appear to have ever requested a speedy *trial*, and did not move for a dismissal for over nineteen months following his stop and sixteen months following the filing of formal charges. The only prejudice arising from the delay cited by appellant is the arresting officer's failure to remember certain unspecified details during his trial testimony. We have reviewed the officer's testimony and find that none of the circumstances for which he claimed no memory were crucial to the issue of guilt. It is at least arguable that the officer's lapses of memory impeached his credibility and thus benefitted appellant. Considering all the circumstances shown, we conclude that the trial court did not err by overruling the motion to dismiss. Point of error three is overruled.

On the day trial began, appellant asked to represent himself, and he persisted in this request after the court properly admonished him. The motion was granted, but the court ordered

2

appointed counsel to remain as standby counsel. Jury selection began immediately thereafter. Appellant now complains that he should have been given ten days to prepare for trial following his waiver of counsel, analogizing this cause to one in which substitute counsel is appointed. *See Marin v. State*, 891 S.W.2d 267, 272 (Tex. Crim. App. 1994).

An appointed attorney is entitled to ten days to prepare for trial. Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 2001). In *Marin*, the court held that when a substitute attorney is appointed as the defendant's *sole* counsel at trial, that attorney is entitled to the statutory preparation time regardless of how much preparation time the defendant's previous attorney had received. 891 S.W.2d at 272. Article 1.051(e) does not grant a preparation period to a defendant who elects to represent himself, but even if appellant were entitled to invoke that statute his reliance on *Marin* would be misplaced. As previously noted, appellant's appointed counsel remained on a standby basis after appellant's request for self-representation was granted. When a defendant is represented by more than one attorney, article 1.051(e) is satisfied if at least one of the attorneys was afforded the statutory preparation time. *Roney v. State*, 632 S.W.2d 598, 601 (Tex. Crim. App. 1982); *Henry v. State*, 433 S.W.2d 430, 432-33 (Tex. Crim. App. 1968). Appellant's standby counsel was appointed more than ten days before proceedings began, and thus article 1.051(e) was satisfied. *See Johnson v. State*, 653 S.W.2d 324, 328 (Tex. App.—San Antonio 1983) *aff'd,* 760 S.W.2d 277 (Tex. Crim. App. 1988). Point of error two is overruled.

Appellant contends the prosecutor engaged in misconduct when he argued to the jury that "the alcohol" and appellant's refusal to take a breath test were two of the factors that caused the officer to arrest appellant for driving while intoxicated. Appellant urges that this argument misstated

3

the record, which shows that he did not refuse the breath test until after he was arrested and does not reflect the presence of any alcoholic beverage in appellant's possession at the time he was stopped (the officer testified that he smelled alcoholic beverage on appellant's breath). Whatever the merit of appellant's complaint, it was not preserved for review by means of a trial objection. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error one is overruled.

Finally, appellant complains that his appointed attorney was ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant first complains that counsel failed to notify him of the hearing on his speedy trial motion, thus leading to his failure to appear. But the record contains counsel's statement to the court that her efforts to contact appellant had failed because she did not have his correct address and telephone number. Appellant also urges that counsel, after being placed on standby status, failed to give him needed advice during trial. Appellant does not, however, refer us to any point in the record where he requested counsel's advice. Finding no support in the record for appellant's ineffectiveness claim, we overrule point of error four.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   October 25, 2001

Do Not Publish