Thompson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-131-CR

NO. 2-02-132-CR

MICHELLE THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Michelle Thompson appeals two convictions for injury to a child. Appellant entered a negotiated guilty plea to the charges and was placed on deferred adjudication probation for two years and assessed a fine of $300 for each offense.  Subsequently, the State filed a motion to proceed with adjudication of guilt in each case alleging numerous probation violations.  After a hearing, the trial court found the State’s allegations true, adjudicated appellant guilty, and assessed punishment at four years’ imprisonment for each offense.  In two points, appellant claims that her Sixth Amendment right to counsel of her choice was violated because the court did not give her a reasonable amount of time to find and retain new counsel.  We will affirm.

The State contends that this court lacks jurisdiction to hear this appeal because appellant’s notice of appeal does not comply with Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure.  
See
 
Tex. R. App. P
. 25.2(b)(3), 948-949 S.W.2d (Tex. Cases) XCVI (1997, amended 2003) (hereafter, former Rule 25.2(b)(3));
(footnote: 1) 
Watson v. State
, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996).  
The scope of this court’s review in this case is limited to matters unrelated to appellant’s conviction or that are enumerated in former Rule 25.2(b)(3).
  See 
former Rule 25.2(b)(3); 
Woods v. State,
 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); 
Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).

Here, appellant raises issues unrelated to her conviction.  She contends that the trial court did not give her a reasonable amount of time to hire a new attorney and prepare for the revocation  hearing.  Appellant voices no complaint regarding her conviction.  Therefore, we have jurisdiction over the appeal.  

In two issues, appellant complains that the trial court violated her Sixth Amendment right to counsel of her choice because it did not give her a reasonable amount of time to find and retain counsel.  She contends that two weeks was an insufficient amount of time for her to find new counsel and prepare for the revocation hearing. 

A probation revocation hearing constitutes no part of a criminal prosecution.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  Instead, it is an administrative proceeding used as a means to protect society and rehabilitate lawbreakers.  
Hill v. State
, 480 S.W.2d 200, 202-03 (Tex. Crim. App.) (op. on reh’g), 
cert. denied
, 409 U.S. 1078 (1972).  Although such a hearing is administrative in nature because it is an extension of the sentencing process, a probationer has the right to be assisted by counsel.  
Id. 
at 203.  The right to be assisted by counsel includes the right to retain counsel of one’s own choosing.  
U.S. Const
. amend. VI; 
Tex. Const
. art. I, § 10.  In fact, an accused is entitled to “counsel of [her] own selection, and as many as [she] may see proper to employ, to defend [her].”  
Jackson v. State
, 55 Tex. Crim. 79, 115 S.W. 262, 264 (1908). 

The right to counsel of one’s own choice, however, is neither unqualified nor absolute.
  Burgess v. State
, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991);
 Brink v. State
, 78 S.W.3d 478, 483 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d).  It must be balanced with the trial court’s need for prompt, orderly, effective, and efficient administration of justice.  
Emerson v. State
, 756 S.W.2d 364, 369 (Tex. App.—Houston [14
th
 Dist.] 1988, pet. ref’d).  A defendant cannot manipulate the right to obstruct the orderly procedure in the courts.  
King v. State
, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); 
Thompson v. State
, 447 S.W.2d 920, 921 (Tex. Crim. App. 1969); 
Estrada v. State
, 406 S.W.2d 448, 449 (Tex. Crim. App. 1966).  Thus, a defendant may not wait until the day of trial to request that counsel be dismissed so that she may retain other counsel.  
Webb v. State
, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).

The determination of when a defendant’s rights must yield to the efficient administration of the courts is a matter within the trial court’s discretion.  
Wheat v. United States
, 486 U.S. 153, 164, 108 S. Ct. 1692, 1700 (1988); 
Kozacki v. Knize
, 883 S.W.2d 760, 763 (Tex. App.—Waco 1994, no pet.).  Whether the court has abused its discretion, and thus acted unreasonably or arbitrarily, however, must be gleaned from the facts and circumstances of each particular case.  
A trial court’s unreasonable or arbitrary interference with the defendant’s right to counsel of choice constitutes constitutional error.  
Gonzalez v. State
, 63 S.W.3d 865, 887 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. granted) (op. on reh’g) (Amidei, J., dissenting);
 Kozacki
, 883 S.W.2d at 763. 

The Texas Code of Criminal Procedure also recognizes a defendant’s right to counsel of choice and requires that a criminal defendant be given a “reasonable opportunity” to obtain counsel of his or her own choosing.  
Tex. Code Crim. Proc. Ann.
 art. 1.051(e) (Vernon Supp. 2003).
(footnote: 2)  We do not, however, believe that a defendant may exercise her right to a “reasonable opportunity” to hire counsel in a way that compromises or interferes with the efficiency of the courts.  Therefore, we will review the evidence to determine whether the trial court abused its discretion by providing appellant with only two weeks to hire an attorney and prepare for her revocation hearing. 

In the present case, appellant was arrested on January 16, 2002, based on two motions to proceed with an adjudication of guilt.  On January 18, 2002, the trial court appointed Jason Jacoby to represent her.  The case was initially set for an announcement hearing on February 4, 2002, at which time it was rescheduled for a contested revocation hearing on February 28.  On February 28, appellant’s attorney requested a continuance so that he could locate some of his witnesses.  Again, the hearing was postponed until March 14.  On March 14, a pretrial hearing was held, in which appellant informed the court that she wanted to retain an attorney instead of proceeding with her court-appointed attorney.  She did not, however, indicate why she wanted to hire a new attorney, and nothing in the record indicates that she was not properly represented by her court-appointed counsel.  Further, when asked, she told the court that she had made no attempts to hire an attorney.  The trial judge told appellant that she could hire an attorney of her own choosing if she and the attorney could be prepared for a final hearing on March 28.  Otherwise, the trial judge stated that appellant would need to continue to work with Jacoby because no further continuances would be granted.  At this time, Jacoby had been working on appellant’s case for at least two months.  Jacoby told the court that he would be willing to cooperate with appellant’s new attorney and even offered to be present for the hearing on March 28.  Appellant made no objections or complaints to the court’s ruling.  

On March 28, 2002, appellant appeared in court with Jacoby and entered a plea of true to the allegations contained in both of the State’s motions to adjudicate.  Again, neither appellant nor Jacoby complained about the length of time she was given to hire an attorney and prepare for the hearing.  Further, the record contains no evidence that she would have been able to hire an attorney had she been given more time.  After admonishing appellant of her rights, the trial court accepted her plea and sentenced her to four years’ incarceration for each offense, with credit for time served.  Appellant does not contend that she would not have entered into the plea agreement with the State had she been given additional time to hire an attorney of her choice. 

Based on the record in this case, we cannot say that the trial court abused its discretion by allowing appellant only two weeks to hire a new attorney and prepare for the revocation hearing.  
See
 
Ex parte Windham
, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (listing the factors to consider when determining whether a trial court has unreasonably or arbitrarily interfered with a defendant’s right to choose counsel).  
Therefore, the two-week continuance was not unreasonable and did not deprive appellant of her Sixth Amendment right to counsel of her choice.
(footnote: 3)  
Accordingly, we overrule appellant’s two points and affirm the trial court’s judgments.  

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 12, 2003

FOOTNOTES
1:
Effective January 1, 2003, Rules 25.2(a)(2) and 25.2(d) replaced former Rule 25.2(b)(3).  We normally apply the revised rules to all pending proceedings.  Here, however, appellant filed her notice of appeal on April 15, 2002 and, therefore, could not have complied with the new rules.  Consequently, we apply former Rule 25.2(b)(3). 

2:
Article 1.051(e) is not applicable here because appellant did not show up at the hearing without an attorney and she did not refuse her court-appointed attorney.  Instead, she showed up at the hearing with her appointed counsel and requested additional time to hire an attorney of her choice.  
Cf
. 
Henry v. State
, 433 S.W.2d 430, 432 (Tex. Crim. App. 1968) (holding that as long as one of appellant’s attorneys had ten days to prepare for trial, article 1.051(e) was satisfied).

3:
Appellant contends that the holding in 
Moss v. Malone
, 880 S.W.2d 45 (Tex. App.—Tyler 1994, writ denied), supports her position on appeal.  In 
Moss
, the court held that the unwarranted denial of a litigant’s right to counsel of his own selection is fundamental error where the litigant 
without
 negligence or default on his part is deprived of the right of counsel on the eve of trial.  
Id
. at 50.  In this case, 
however, appellant’s trial counsel did not withdraw on the eve of the revocation hearing.  Instead, appellant waited until the day of the hearing to request additional time to hire a new attorney. 
 Thus, unlike the plaintiff in 
Moss
, it was appellant’s own negligence or default that deprived her of the right to be represented by counsel of her own choosing.