

# IN THE

# COURT OF CRIMINAL APPEALS OF TEXAS

━━━━━━━━━━

## No. PD-0144-25

━━━━━━━━━━

### VICTOR HUGO CUEVAS, Appellant

### v.

### THE STATE OF TEXAS

━━━━━━━━━━

### On Appellant's Petition for Discretionary Review
### From the Fourteenth Court of Appeals
### Fort Bend County

━━━━━━━━━━

YEARY, J., FILED A DISSENTING OPINION IN WHICH FINLEY, J., JOINED AND IN WHICH SCHENCK, P.J., JOINED ONLY AS TO PART VI.

This is not an ordinary error-in-the-jury-charge case. In fact, in my view, there was likely no error at all in the court's charge to the jury.

The way I see things, in its zeal to repair another injustice done to the defendant in this case—namely, misrepresentations by the prosecutor about a proper understanding of the law, compounded by the trial court's refusal to correct those misrepresentations—the Court finds a non-erroneous jury instruction to have been so harmful that it justifies reversing and remanding this case for a whole new trial.[1] I believe the Court is making mistake.

## I.     What Happened at Trial

Appellant requested that the jury be instructed on the law of self-defense, and the trial court instructed the jury accordingly. Because the issue of self-defense was raised by the evidence, and by virtue of the trial court's submission of that instruction, the law of self-defense became "law applicable to the case[.]" TEX. CODE CRIM. PROC. art. 36.14. And by including the instruction on self-defense, the trial court committed itself to submitting that law "correctly." *Mendez v. State*, 545 S.W.3d 548, 553 (Tex. Crim. App. 2018) (quoting *Vega v. State*, 394 S.W.3d 514, 515–16 (Tex. Crim. App. 2013)).

As part of the abstract law section of the trial court's jury

---

[1] The Court gives itself away when it observes that "there is one way to misuse the presumption-of-reasonableness instruction that could cause serious harm: if the presumption were conflated with the ability to act in self-defense at all, that misconstruction could be devastating to a defendant's self-defense claim." Majority Opinion at 22. Judge McClure likewise gives himself away when he asserts that the prosecutor's misconstruction of the law, as conveyed to the jury venire in a slide, "illustrates why we are here[.]" Concurring Opinion at 2.

instructions on self-defense, the trial court informed the jury about the part of that law providing for the presumption of reasonableness when an actor believes his use of deadly force is immediately necessary, under Section 9.32(b) of the Texas Penal Code. TEX. PENAL CODE § 9.32(b). The statute establishing the presumption of reasonableness applies only when certain conditions are met, including when the actor "was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used." *Id.* at (b)(3). Appellant objected to the inclusion of the abstract instruction, but the trial court overruled his objection.

## II.     The Appeal

On appeal, Appellant argued that the presumption-of-reasonableness instruction was inapplicable to his case because there was no dispute that he was "engaged in criminal activity . . . at the time the force was used." *Id.* The court of appeals agreed. *Cuevas v. State*, ____ S.W.3d ____, No. 14-22-00561-CR, 2024 WL 1625753 at *15 (Tex. App.—Houston [14th Dist.] Apr. 16, 2024). It nevertheless affirmed Appellant's conviction, concluding that, "[a]t most, [A]ppellant has identified purely theoretical, not actual, harm from the erroneous inclusion of the presumption instruction in the abstract portion of the charge." *Id.* at *17.

## III.   Appellant's Petition for Discretionary Review

In his petition for discretionary review, Appellant asked this Court to review the court of appeals' harm analysis. Appellant points to numerous instances in the record where the State misdescribed the legal effect of the presumption, and he relies primarily on those misconstructions of the law relating to the presumption to argue that inclusion of the instruction on the presumption in the abstract was harmful in his case. We agreed to review the court of appeals' harm analysis.

## IV. This Court's Opinion

Today the Court reverses the judgment of the court of appeals, finding that the inclusion of the presumption instruction in the abstract portion of the jury charge resulted in at least some harm. In doing so, consistent with Appellant's arguments, it relies substantially on the prosecutor's repeated misrepresentation of Section 9.31(b)(3)'s provision, during voir dire and at various points during closing argument, suggesting to the jury that if Appellant was engaged in criminal activity at the time he used force, he was not entitled to rely on the law of self-defense *at all*, much less on the presumption of reasonableness. But all of this presupposes that the trial court *actually ERRED in the first instance* to give the abstract presumption-of-reasonableness instruction.

## V. Reversals are Improper in the Absence of Error

For two reasons, I reject that premise. First, it is not clear to me

*at all* that the presumption-of-reasonableness instruction should not have been given in this case. The Court today addresses only whether the presumption of reasonableness instruction [which was deemed by the lower court to have been erroneously included in the abstract jury instructions] resulted in some harm to Appellant. It assumes without deciding that the record conclusively shows Appellant was in fact engaged in criminal activity *at the time* he used force, thus precluding any possible applicability of the statutory presumption of reasonableness according to the statute's text. Majority Opinion at 17–18; *see also* TEX. PENAL CODE § 9.32(b)(3) ("was not otherwise engaged in criminal activity . . . at the time the force was used."). It then remands the cause to the trial court for a new trial, having found the assumed error to have been harmful. *Id.* at 27. But the record very arguably does not show that Appellant was engaged in criminal activity *at the time* he used the force that resulted in his being charged in this case.

It is one thing for an appellate court to review the harmfulness of an alleged error, and then to affirm the judgment based on its conclusion that, even if there was error, it did not affect the jury's verdict. It is quite another thing entirely for a discretionary review court to reverse an appellate court's affirmance of a conviction (that was based on the appellate court's conclusion that any such error was harmless), and then to reverse and remand for a new trial based on the discretionary

review court's determination that the alleged error in the charge was harmful without also being satisfied that there truly was an actual *error* in the first place. No trial court judgment should ever be reversed and remanded for a new trial without at least a satisfactory judicial determination of *actual error*.

I recognize that the court of appeals appears to have found that the trial court did err by including the abstract instruction on the presumption of reasonableness in the abstract portion of the court's charge to the jury. But I think there is good reason to believe, based on the evidence presented in this case, that the court of appeals was wrong. And I am persuaded at this point, despite even Appellant's own argument to the contrary, that a rational juror in Appellant's case could have found that, by the time Appellant shot the complainant, his own criminal conduct had come to an end.

According to his own testimony at trial, by the time he shot the complainant, Appellant had abandoned the marijuana he had originally intended to sell, and he had extricated himself from the complainant's car. If it would have been rational for a juror to credit that testimony, then the trial court could have concluded that the presumption of reasonableness counted as "law applicable to the case," and it could, at least at its discretion, have properly instructed the jury on that law regardless of the strategic preferences of the parties. *Cf. Grey v. State*, 298 S.W.3d 644, 655–58 (Tex. Crim. App. 2009) (Cochran, J.,

concurring) (a trial court may give a lesser-included-offense instruction, when raised by the evidence, regardless of the strategically guided wishes of the parties). And if I am right about all of that, then it is wrong for this Court to lend its imprimatur to the court of appeals' at-least-potentially incorrect conclusion by declaring that the trial court's alleged error was of such a magnitude that it requires the whole case to be remanded for a new trial.

The only *potential error* in the trial court's presumption-of-reasonableness instruction under the circumstances present in this case would have been the trial court's failure to incorporate the presumption instruction into the self-defense application paragraph as well. Appellant did not object on that basis at trial, nor did he complain about that on appeal. It seems he simply did not want the instruction at all, beneficial though it might have been in his case.

I recognize that the State did not file a cross-petition for discretionary review in this case to challenge the court of appeals' conclusion that there was error in the jury charge. *See*, *e.g.*, *Blasdell v. State*, 470 S.W.3d 59, 62 n.4 (Tex. Crim. App. 2015) (when the State prevails in the court of appeals but desires to contest that court's rejection of one of its arguments, a cross-petition for discretionary review is "both necessary and appropriate"). Perhaps we should reconsider that opinion. But, because this Court finds definitively that the inclusion of the instruction was harmful, I would not simply accept

the court of appeals' conclusion regarding the alleged jury charge error without at least granting review on our own motion to determine conclusively whether the court of appeals was correct to conclude that the instruction found no support in the evidence—at all. *See* TEX. R. APP. P. 66.1 (Court of Criminal Appeals may review a decision of the court of appeals "on its own initiative under Rule 67"); 67.1 (Court of Criminal Appeals may grant review "at any time before the mandate of the court of appeals issues").

To do so under circumstances where there is good reason to believe that there may not have been *any error* on which to premise this Court's conclusion of harm would be an injustice and a waste of precious judicial resources. It may also mislead future litigants and judges. Relying on this Court's opinion in this case, some might conclude, incorrectly in my view, that the presumption of reasonableness instruction is never appropriate when the person who is alleged to have used unlawful force to commit some crime also committed some other criminal activity at any time anywhere near to when he claims to have used self-defense, regardless of whether some rational juror could have concluded he was no longer engaged in criminal activity at all *at the time* he used the force.

Second, and in any event, there was nothing wrong with the abstract instruction that the trial court submitted. The court of appeals recognized that it was an accurate rendition of the law. *See Cuevas*, 2024

WL 1625753 at *15 ("The abstract portion of the charge correctly stated the law regarding the presumption."). Assuming, then, as the Court does today, that the presumption of reasonableness was *not* in play, this abstract instruction constituted a "merely superfluous" charge—one that was unnecessary but purely benign unless it was to have become activated by inclusion into the *application* paragraph. *Plata v. State*, 926 S.W.2d 300, 302–03 (Tex. Crim. App. 1996). This Court long ago correctly observed that "[t]he inclusion of a merely superfluous abstraction [one that is conceded to be, and which is undoubtedly, correct] . . . never produces reversible error in the court's charge because it has no effect on the jury's ability fairly and accurately to implement the commands of the application paragraph or paragraphs." *Id.*

Superfluous abstract instructions about the law that are correct only tell a jury something more about the law that they may not have otherwise known. The jury's knowledge of that law should never be presumed to mislead them when such an instruction can only have enlightened them. Error can occur by directing a jury to rely on such an abstract but inapplicable legal principle in an application paragraph of a jury charge. Error can also occur, as it probably did in this case, where an attorney misrepresents the abstract law to the jury by the attorney's arguments; and that is especially true when the trial court overrules a proper objection to that misrepresentation. But neither of those things

turns the inclusion of the merely abstract, but correct, jury instruction into error, however inapplicable to the case the instruction may be. Moreover, if it is accurate to say that it "never" constitutes "reversible" error to give an accurate, albeit superfluous, abstract legal definition, then it makes no sense to call it "error" at all.[2]

## VI. There Was Error in this Case

None of this is to say that there was not at least possible error that *did* occur in this case. As I see this case, error seems to have occurred in the context of the prosecutor's uncorrected remarks misconstruing the law to the jury. To the extent that the prosecutor repeatedly invited the jury, at various points in the trial, to misconstrue Section 9.32(b)(3) to be a comprehensive limitation upon Appellant's statutory right to self-defense, with the trial court's imprimatur, that would likely

---

[2] And in some cases, we have in fact held such instructions not to be error. *See, e.g.*, *Smith v. State*, 170 Tex. Crim. 518, 520, 342 S.W.2d 445, 446–47 (1961) (jury charge that broadly instructed the jury on the full law of sodomy "did not present fundamental error" when the application paragraph limited the jury's consideration of the offense to the theory of sodomy "as alleged in the indictment and made by the facts"); *Morris v. State*, 144 Tex. Crim. 228, 233, 161 S.W.2d 1090, 1092 (1942) (op. on reh'g) (abstract instruction defining the offense of parental desertion of a child in terms of the many ways in which it could be committed was "proper" because the trial court's application paragraph limited the jury's consideration to the particular manner alleged in the indictment); *Crenshaw v. State*, 378 S.W.3d 460, 468 (Tex. Crim. App. 2012) (concluding that the inclusion of an unpled abstract definition of intoxication in the jury charge of a prosecution for D.W.I. was not error because it "did not expand the allegations against" the defendant absent incorporation into the application paragraph).

constitute error—just not error in the *jury charge*.

Errors during voir dire and jury argument are normally subject to procedural default principles. There is no statute comparable to Article 36.19 of the Code of Criminal Procedure—the statute that *Almanza* construed[3]—to save them for appellate review even absent an objection. *Dougherty v. State*, 188 S.W.3d 670, 671 (Tex. Crim. App. 2006) (Keller, P.J., dissenting). But perhaps there may be an available resort to habeas on the premise that trial counsel may have been ineffective for failing to preserve the claim.

Appellant *did* complain in the court of appeals of the prosecutor's misleading remarks about Section 9.32(b)(3) during voir dire. The court of appeals assumed those remarks to be error, but it found any such error to be harmless. *Cuevas*, 2024 WL 1625753 at *5–*6 And Appellant does not appear to have challenged that ruling, per se, in his petition for discretionary review. Then, there is the prosecutor's final jury arguments to consider. But Appellant did not complain directly about that in his direct appeal, so there is no decision on that issue for our review at this time. Whatever *non-jury-charge* error may have occurred, it all seems to have been forfeited at this point.[4]

---

[3] TEX. CODE CRIM. PROC. art. 36.19; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

[4] As I read Judge McClure's concurring opinion, he regards these *other* errors to be "the deciding factor in the Court's determination that error in the jury

At the very least the Court should remand this case to the court of appeals for reconsideration of whether there was any actual error in the jury charge sufficient to justify reversal. The court of appeals based its agreement with Appellant that there was jury charge error only on the fact that it was "undisputed" between the State and Appellant that Appellant was "engaged in criminal activity . . . when he shot Ose." *Id.* But the court of appeals should have considered instead whether the trial court itself, or any rational factfinder for that matter, could have concluded that Appellant was not "engaged in criminal activity . . . *at the time the force was used.*" *See* TEX. PENAL CODE § 9.32(b)(3) (emphasis added).

## VII. CONCLUSION

I believe the Court's holding today does a disservice both to trial court judges and—perhaps ironically—to criminal defendants as well. The trial court judge in this case has seen his hard work come to naught, even though he has made no legal mistake that I can see. The court of appeals, and by extension this Court as well—through its finding that the alleged error was harmful—simply disagree with the trial court judge's justifiable assessment that a jury could rationally disagree about

---

charge caused some harm[.]" Concurring Opinion at 1. Reading the balance of his opinion, however, leaves the distinct impression that it is actually these other errors themselves that cause Judge McClure to believe Appellant's conviction must be reversed, more than any error in the jury charge. But none of those errors are actually before us in the posture of the case as it comes before us.

whether Appellant was, in fact, engaged in criminal activity "at the time the force was used." *Id.* And it certainly behooves criminal defendants in the general run of cases to give trial judges—who were present to hear and see the evidence first-hand, in all of its nuances—wide latitude to make such calls without undue appellate interference.

For these reasons, I would not remand this case for a new trial without at least first granting review on our own motion to determine whether the court of appeals erred to find error in the first instance. Accordingly, I respectfully dissent.

**FILED:**                                    April 2, 2026
**PUBLISH**